IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17CV314

| | |
|---|---|
| ROBERT V. WILKIE,<br>**Individually and as Executor of the Estate**<br>**of Judith Kathryn Sellers Wilkie,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**AMICA MUTUAL INSURANCE**<br>**COMPANY,**<br><br>**Defendant.** | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter is before the Court on Defendant's Motion to Dismiss (# 10) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendant's Motion to Dismiss be granted.

**I.  Procedural Background**

On November 16, 2017, Plaintiffs, proceeding pro se, filed a complaint, both individually and as Executor of the Estate of Judith Kathryn Sellers Wilkie, and a demand for a jury trial.[1] See Compl. (# 1). Plaintiffs allege that Defendant violated their rights. Id. at 5. In particular, Plaintiffs have purportedly stated the following causes of action: (1) negligence; (2) "bad and deceptive business practices"; (3) "exploitation of a person for profit during a tragic event"; (4) "lying to member to cover up bid rigging practices"; (5) fraud; (6) "refusing to legally recognize two legally

---

[1] A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, pro se pleadings are held to less stringent standards than those drafted by an attorney. White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989).

filed subsequent claims"; (7) breach of contract; and (8) "gross" breach of contract. Id. Plaintiffs seek "triple reward damages," an apology, and attorney's fees. Id. at 6.

On February 13, 2018, Defendant filed the instant Motion to Dismiss (# 10) and Memorandum in Support. Plaintiffs filed a Response in Opposition (# 12), and Defendant filed a Reply (# 13).

## II.     Factual Background[2]

The facts, viewed in a light most favorable to Plaintiffs, are the following: Plaintiffs' allegations relate to a fire that occurred on January 31, 2015, and remediation efforts by Dolbier Restoration, LLC, and Plaintiffs' dissatisfaction with the remediation efforts. Compl. (# 1) at 2, 4. Defendant evidently had issued a fire insurance policy providing fire insurance coverage for the dwelling of either Plaintiffs or some other person. See id. Plaintiffs acknowledge that as a result of a dispute between the parties, they engaged in a mediated settlement conference on August 3, 2016, in Morganton, North Carolina, which resulted in a "Memorandum Of Mediated Settlement" ("Settlement Memorandum"). Id. (# 1-1) at 1. The Settlement Memorandum provides that "Defendant shall pay Plaintiff the total sum of $10,400 within 7 days from the date of this Agreement." Id. The Settlement Memorandum was signed by Plaintiffs and their former attorney, Wayne O. Clontz. Id. Defendant paid the $10,400 to Plaintiffs. Id. at 4.

## II.     Legal Standard

The central issue for resolving a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the

---

[2] When evaluating this motion to dismiss, the Court must accept Plaintiffs' alleged facts as true and view them in a light most favorable to them. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). In this case, the facts are derived from Plaintiffs' Complaint (# 1) and attached exhibits (# 1-1).

complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

**III.　Discussion**

    **A.　Plaintiffs' third, fourth, and sixth claims are not viable causes of action under North Carolina or federal law.**

3

With respect to Plaintiffs' third claim, "exploitation of a person for profit during a tragic event," fourth claim "lying to member to cover up bid rigging practices," and sixth claim, "refusing to legally recognize two legally filed subsequent claims," Compl. (# 1) at 5, Plaintiffs have failed to show that these claims are recognized causes of action under North Carolina or federal law. Therefore, dismissal of these claims is warranted. See Gaston v. PBI Gordon Corp., No. 1:13CV891, 2014 WL 4114324, at *3 (M.D.N.C. Aug. 20, 2014) ("Because Plaintiff relies on causes of action not recognized in North Carolina, [the specific counts] are subject to dismissal."); Godbey v. Stanley Furniture Co., Inc., No. CIV 299CV28, 1999 WL 33315652, at *2 (W.D.N.C. Apr. 23, 1999) ("[T]his Court is not at liberty to allow causes of action not recognized by the courts of the forum state."); Cortes v. McDonald's Corp., 955 F. Supp. 539, 541 (E.D.N.C. June 3, 1996) ("[T]he generally held view [is] that federal courts applying a state's law should not provide a cause of action which that state has not recognized." (quotation omitted)). Accordingly, Plaintiffs' third, fourth, and sixth claims must be dismissed on the basis that they are non-existent under either North Carolina or federal law.

### B. Plaintiffs have failed to state a claim under the Sherman Act.

Defendant next argues that Plaintiffs have failed to state a claim under the Sherman Act. Def.'s Reply (# 13) at 6-8. The Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal." 15 U.S.C. § 1. To demonstrate a § 1 antitrust violation, a plaintiff must show: "(1) a contract, combination, or conspiracy; (2) that imposed an unreasonable restraint on trade." N.C. State Bd. of Dental Exam'rs v. F.T.C., 717 F.3d 359, 371 (4th Cir. 2013) (quoting Dickson v. Microsoft Corp., 309 F.3d 193, 202 (4th Cir. 2002)). After a plaintiff demonstrates a § 1 antitrust violation, he must then show that he suffered an

4

antitrust injury.  Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977).  An antitrust injury is an injury "of a type the anti-trust [sic] laws were intended to prevent and that flows from that which makes defendants' acts unlawful."  Dickson, 309 F.3d at 202 (quoting Atl. Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 334 (1990)).

In the instant case, Plaintiffs have failed to allege that Defendant engaged in anticompetitive conduct that caused harm to the competitive market as a whole.  See Patel v. Scotland Mem'l Hosp., 91 F.3d 132, *4 (4th Cir. 1996) (per curiam) (unpublished table decision) (recognizing that "[p]ersonal economic injury alone" is insufficient to support a § 1 claim of the Sherman Act because "[t]here must be some cognizable effect on the competitive market.").  In fact, Plaintiffs' allegations are focused on personal injuries and property damage caused by the alleged negligence of a contractor hired by Defendant.  See Pl.'s Resp. Oppos. (# 12) at 11-12 (alleging that Dolbier Disaster Restoration, LLC failed to clean the soot out of Plaintiffs' heat pump and gave the go-ahead to turn the heat pump on, which ultimately caused Plaintiffs' mother's death).  The type of injuries alleged do not constitute an antitrust injury.  Consequently, Plaintiffs' Sherman Act claim must be dismissed.

### C.     Plaintiffs have failed to state a negligence claim.

Defendant argues that Plaintiffs have not stated a negligence claim.  Def.'s Mem. Supp. (# 11) 6-7.  In particular, Defendant contends that Plaintiffs have failed to identify a duty that was owed to him by Defendant, or allege facts that would give rise to a duty.  Id. at 6-7.

"To prevail on a claim of negligence in North Carolina, a plaintiff must establish the essential elements of duty, breach, proximate cause, and damages."  PLS Investments, LLC v. Ocwen Loan Servicing, LLC, 699 F. App'x 166, 167 (4th Cir. 2017) (citing Ward v. Carmona, 770 S.E.2d 70, 72 (N.C. 2015)).  In order to survive a motion to dismiss, a plaintiff's negligence

Case 1:17-cv-00314-MR-WCM   Document 14   Filed 04/30/18   Page 5 of 12

claim must allege the existence of a legal duty or standard of care owed by the defendant to the plaintiff, a breach of that duty, and a causal relationship between the breach of duty and injury or loss sustained by the plaintiff. Lambeth v. Media General, Inc., 605 S.E.2d 165, 167 (N.C. Ct. App. 2004).

In the instant case, Plaintiffs' Complaint is insufficient with respect to duty. In particular, Plaintiffs' allegations all relate to the performance of certain obligations they contend Defendant owed them under an insurance contract. See Compl. (# 1) at 2-4. Thus, Plaintiff's allegations show the existence of a contract between the parties that would bar a potential negligence claim under the economic loss rule. See Bradley Woodcraft, Inc. v. Bodden, 795 S.E.2d 253, 259 (N.C. Ct. App. 2016) (holding that negligence claims are barred by the economic loss rule where a valid contract exists between the litigants). Therefore, Plaintiffs have failed to state a negligence claim.

### D.     Plaintiffs have failed to state a fraud claim.

Defendant argues that Plaintiffs have failed to sufficiently allege a claim for fraud. Mem. Supp. (# 11) at 8-9. In particular, Defendant contends that Plaintiffs have failed to comply with time and place requirements of Rule 9 of the Federal Rules of Civil Procedure. Id. at 9. Defendant further contends that Plaintiffs' fraud claim fails as a matter of law because Plaintiffs failed to allege that a fraudulent statement was ever made. Id.

To state a claim for fraud in North Carolina, a plaintiff must demonstrate that there was a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party," where "any reliance on the allegedly false misrepresentations [is] reasonable." McMillan v. Cumberland Cty. Bd. of Educ., ___ F. App'x ___, 2018 WL 1611265, at *6 (4th Cir. 2018) (quoting Forbis v. Neal, 649 S.E.2d 382, 387 (N.C. 2007)). To plead fraud, the Federal

6

Case 1:17-cv-00314-MR-WCM   Document 14   Filed 04/30/18   Page 6 of 12

Rules of Civil Procedure require a heightened standard.  Topshelf Mgmt., Inc. v. Campbell-Ewald Co., 117 F. Supp. 3d 722, 725 (M.D.N.C. 2015).  In particular, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.  The plaintiff must particularly describe "the time, place, and contents, of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  Carter v. Michael Cutler Co., No. 1:12CV95, 2013 WL 4788283, at *5 (M.D.N.C. Sept. 6, 2013) (citations omitted).

In the instant case, Plaintiffs have not made assertions regarding allegedly fraudulent statements or representations that were made to them by Defendant.  See Compl. (# 1).  Rather, Plaintiffs seem to object to the entire course of dealing between the parties.  See id.  The Complaint has a complete lack of specificity.  See id.  In fact, there are only two dates referenced:  January 31, 2015, when the fire took place, and May 5, 2015, when Plaintiffs' homeowner's policy was cancelled.  Id. at 2.  For these reasons, Plaintiffs have failed to allege a claim for fraud.  See Rosenthal v. Perkins, 257 S.E.2d 63, 66 (N.C. Ct. App. 1979) (dismissing the plaintiffs' fraud claim because it failed to state a claim for relief based upon fraud where the plaintiffs failed to allege that "they were denied the opportunity to investigate the premises or that they could not have discovered" the flooding of the home).

### E. Plaintiffs have arguably stated an unfair and deceptive trade practices claim.

Defendant asserts that Plaintiffs' second claim, "Bad and Deceptive Business Practices," is intended to assert a claim under Chapter 75 of the North Carolina General Statutes.  Def.'s Mem. Supp. (# 11) at 7.  Defendant contends that Plaintiffs have not alleged how any of Defendant's alleged actions caused Plaintiffs to suffer damage.  Id. at 8.

7

To make out a prima facie claim for unfair and deceptive trade practices, a plaintiff must show: (1) the defendant committed and unfair or deceptive act or practice; (2) this act or practice was in or affecting commerce; and (3) the act or practice proximately caused the plaintiff's injury. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009).

In the instant case, the Court is not persuaded by Defendant's argument that Plaintiffs have failed to allege they suffered damage caused by Defendant. A review of the Complaint reveals that Plaintiffs allege that Defendant's actions caused them to experience anxiety and severe depression. Compl. (# 1) at 6. Plaintiffs further allege that Defendant has caused them "pain and suffering" and put their life and health in "harm's way." Id. Plaintiffs seek reimbursement to Medicare and North Carolina Medicaid for medical bills. Id. In any event, this issue is of no consequence because this claim is barred by the doctrine of accord and satisfaction.

### F. Plaintiffs have arguably stated a claim for breach of contract.

Defendant argues that Plaintiffs have not stated a claim for breach of contract. Def.'s Mem. Supp. (# 11) at 9-10. Relying on an Eastern District of Tennessee case and a District of South Carolina case, Defendant argues that the failure to specify what clause or portion of the contract was breached is detrimental to his breach of contract claim. Id. at 9.

In North Carolina, the elements of a breach of contract claim are: (1) the existence of a valid contract and (2) breach of the terms of that contract. Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000). Where the complaint alleges both of these elements, it would be error to dismiss a breach of contract claim under Rule 12(b)(6). Woolard v. Davenport, 601 S.E.2d 319, 322 (N.C. Ct. App. 2004).

8

In the instant case, Plaintiffs have alleged, and Defendant does not dispute, that there was a valid contract in place between the parties. See Def.'s Mem. Supp. (# 11) at 9; Compl. (# 1). This Court was unable to find any North Carolina precedent to support Defendant's position that failure to cite the specific clause or portion of the contract that was breached is fatal to Plaintiffs' breach of contract claim. In fact, the Court found precedent to the contrary. See Woolard, 601 S.E.2d at 322 (holding that where the complaint alleges both elements of a breach of contract claim, it is error to dismiss the claim under Rule 12(b)(6)). In any event, this issue is of no consequence because Plaintiffs' breach of contract claim is barred by the doctrine of accord and satisfaction.

### G. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

Finally, Defendant argues that Plaintiffs' claims are barred in their entirety by the doctrine of accord and satisfaction. Def.'s Mem. (# 11) at 3-5. Defendant contends that Futrelle v. Duke Univ., 488 S.E.2d 635 (N.C. Ct. App. 1997), and Smith v. Allstate Ins. Co., No. CV 09-901, 2010 WL 11538547, at * 3 (E.D. La. Mar. 5, 2010), control the outcome of the instant case. Id. at 4-5.

In North Carolina, the common law doctrine of accord and satisfaction, codified at N.C. Gen. Stat. § 25-3-311, provides that a claim may be discharged when:

> a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument[.]

N.C. Gen. Stat. § 25-3-311(a). The doctrine of accord and satisfaction is an affirmative defense. See Bradford v. Kelly, 132 S.E.2d 886, 888 (N.C. 1963). With an accord and satisfaction, the accord refers to the agreement and the satisfaction is execution of the performance of that agreement. Futrelle v. Duke University, 488 S.E.2d 635, 640 (N.C. Ct. App. 1997).

9

In Futrelle, the plaintiff, a university medical librarian, sued Duke University seeking damages for breach of contract, wrongful discharge, and defamation. 488 S.E.2d at 637. The university moved to confirm the arbitration award previously entered and dismiss the action. Id. at 638. The Superior Court denied the motion, and the defendants appealed. Id.

The North Carolina Court of Appeals concluded that the defendants introduced undisputed evidence that it tendered to the plaintiff, in good faith, a check for $16,158.69. Id. at 639. The check cleared Duke University's account in August 1995. Id. The plaintiff presented no evidence to contest the defendants' assertion that the plaintiff cashed the check. Id. Prior to the payment, there was a dispute between the parties. Id. The parties disputed what remedy, if any, the plaintiff was entitled to receive because of the defendants' decision to terminate her employment contract. Id. The requirement of a conspicuous statement that the instrument was tendered as full satisfaction of the claim was satisfied by a letter from Duke University Counsel that accompanied the check. Id. The letter specifically stated that the defendants were exercising their discretion to pay severance in lieu of a reinstatement ordered in the arbitration notice. Id. at 639-640. The Court of Appeals found that the omission of the words "payment in full" did not prevent the accord and satisfaction as a matter of law. Id. at 640. The Court of Appeals ultimately held:

> [T]here was an accord and satisfaction as a matter of law because he undisputed facts show the following to be the only reasonable inferences regarding the parties' intent: (1) that defendants intended the check to be full and final payment resolving the dispute and (2) that given the reference to the final arbitration award, plaintiff understood that this was defendants' intent.

Id.

In Smith, a case from the Eastern District of Louisiana, the plaintiffs and the defendant agreed that in exchange for $29,844.92 to be paid to the plaintiffs by the defendant, they would "release any and all claims of any kind whatsoever against one another." 2010 WL 11538547, at

10

*3.  The plaintiffs argued that because their adjuster found damage in excess of the amount that they settled for, there must be new damages "not known to the parties prior to this mediation." Id. The District Court disagreed and concluded that the adjuster's findings merely suggested that the plaintiffs settled for less than their case might ultimately be worth.

In the instant case, the facts alleged by Plaintiffs demonstrate that a dispute arose between Plaintiffs and Defendant concerning damage caused by remediation efforts related to a fire that took place on January 31, 2015.  Compl. (# 1) at 2, 4.  The allegations in the Complaint, in addition to the exhibits to the Complaint, demonstrate that Plaintiffs and Defendant mediated the dispute and Defendant discharged its duties under the parties' agreement, as set forth in the Settlement Memorandum.  Id. at 1, 4.  Consequently, the doctrine of accord and satisfaction bars Plaintiffs' claims in their entirety.

**IV.   Conclusion**

In light of the foregoing, the Court RECOMMENDS that Defendants' Motion to Dismiss (# 10) be GRANTED, and this case be dismissed.

Signed: April 30, 2018

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).