THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00314-MR-DLH

ROBERT V. WILKIE, Individually and )
as Executor of the Estate of Judith )
Kathryn Sellers Wilkie, )
                                                )
                 **Plaintiff,**    )
                                                )
   **vs.**                             )    **O R D E R**
                                                )
AMICA MUTUAL INSURANCE )
COMPANY, )
                                                )
                 **Defendant.**  )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion to Vacate Judgment [Doc. 23].

## I. BACKGROUND

On November 16, 2017, the Plaintiff, proceeding *pro se*, filed a Complaint on behalf of himself individually and as Executor of the Estate of Judith Kathryn Sellers Wilkie. [Doc. 1]. In the Complaint, the Plaintiff asserts claims for negligence, "bad and deceptive business practices," exploitation of a person for profit during a tragic event, bid rigging, fraud, breach of contract and other claims against Amica Mutual Insurance Company ("Amica"). [Id. at 6]. The Plaintiff's claims arose out of a fire loss, including

the Plaintiff's fire insurance claim with Amica, remediation efforts by Dolbier Restoration, LLC, and the Plaintiff's settlement of that insurance claim. [Doc. 1; see also Doc. 14 at 2]. The Plaintiff admitted in the Complaint that he engaged in a mediated settlement conference; that such mediation resulted in a "Memorandum of Mediated Settlement" requiring Amica to pay $10,400; and that such sum was paid by Amica and received by the Plaintiff. [Doc. 1; Doc. 14 at 2].

The Defendant filed a Motion to Dismiss on February 13, 2018. [Doc. 10]. On April 30, 2018, the Honorable Dennis L. Howell, United States Magistrate Judge, entered a Memorandum and Recommendation, recommending that the Plaintiff's Complaint be dismissed for failing to state viable legal claims for negligence, fraud, or under the Sherman Act. [Id. at 4-5]. Judge Howell further recommended that the Plaintiff's claims for unfair trade practices and breach of contract be dismissed on the grounds that such claims were barred by the doctrine of accord and satisfaction by virtue of the Mediated Settlement Agreement. [Id. at 8-9]. Therefore, the Court recommended that the Defendant's Motion to Dismiss be granted and the case be dismissed. [Id.].

The Memorandum and Recommendation stated that objections to the findings of fact, conclusions of law and recommendation must be filed within fourteen (14) days of service. [Id.]. The Clerk's Office served the Plaintiff with a copy of the Memorandum and Recommendation. The Plaintiff, however, did not file any objections. On May 22, 2018, the Court entered an Order accepting the Magistrate Judge's recommendation that the Motion to Dismiss should be granted. [Doc. 15]. Therefore, the Court dismissed Plaintiff's action with prejudice, and a Judgment was entered thereafter. [Doc. 16].

On September 12, 2018, four months after the Judgment was entered dismissing his action, the Plaintiff filed a "Motion to Take Judicial Notice" in which he cited irrelevant case law and moved the Court "to take Judicial Notice of Stare decises" when ruling on his pleading. [Doc. 18]. Nowhere in that motion did he try to argue that the Memorandum and Recommendation was factually or legally erroneous. On September 13, 2019, the Court entered an Order striking the Plaintiff's Motion to Take Judicial Notice. [Doc. 21]. Thereafter, the Plaintiff did nothing for eight months until he filed the present Rule 60 Motion on May 17, 2019. [Doc. 23].

## II. STANDARD OF REVIEW

"It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). To seek relief under Rule 60(b), a plaintiff must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (footnote omitted). "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (citation omitted). Here, the Plaintiffs seek relief from the judgment under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

## III. DISCUSSION

The Plaintiff offers no explanation in his Motion or supporting materials for his decision to wait until almost a year after the Judgment to file this Rule 60 Motion. In his Affidavit, he states that he had a response to the Memorandum and Recommendation prepared, but he had a "severe foot infection" which prevented him from walking for some period of time. [Doc.

23-1]. As a result, he relied "on a local man to carry [his] response to the local post office," but "instead of delivering it to the post office [the man] discarded the response." [Id.]. While that claim may explain why the Plaintiff failed to timely file his objections to the Memorandum and Recommendation, it does not explain why he waited nearly a year after the entry of judgment to file the present Rule 60 Motion.

Although it is somewhat difficult to discern from the Rule 60 Motion, the Plaintiff appears to be trying to re-litigate many of the same claims that were dismissed in May 2018. His so-called "meritorious claims" are essentially claims that Amica did not handle his insurance claim correctly. Substantially all of these allegations appear in some form in the original Complaint, including claims for negligence, unfair trade practices, bid rigging, fraud, and breach of contract. [See Doc. 1]. In the original Complaint, the Plaintiff alleged that Amica changed language in the settlement agreement; now the Plaintiff claims that Amica copied and pasted his name to the Release. Regardless of the nature of the Plaintiff's fraud allegations, the Plaintiff would have been aware any irregularities in the Release when he filed the original Complaint in November 2017 and should have brought all of those claims at that time.

There are no new or "meritorious" claims arising out of Plaintiff's fire insurance claim that either were not settled in the original Mediated Settlement Agreement or dismissed by this Court in May 2018. As such, the Plaintiff has failed to show that he has "meritorious claims" and has failed to show any exceptional circumstances warranting setting aside the Judgment dismissing his original Complaint.

In sum, the Plaintiff has failed to establish a legal basis for vacating the Judgment in this case pursuant to Rule 60(b)(1). Accordingly, the Plaintiff's Motion to Vacate Judgment is denied.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Vacate Judgment [Doc. 23] is **DENIED.**

**IT IS SO ORDERED.**

Signed: August 5, 2019

Martin Reidinger
United States District Judge