# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cv-00314-MR-WCM

| | |
|---|---|
| ROBERT VAN WILKIE, individually and as the acting executor of the Judith Kathryn Sellers Wilkie estate, )<br><br>Plaintiff, )<br>vs. )<br><br>AMICA MUTUAL INSURANCE COMPANY, )<br><br>Defendant. ) | **O R D E R** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Motion for an Order Granting a Direct Constitutional Claim [Doc. 27].

By the present motion, the Plaintiff seeks to challenge the dismissal of his Complaint with prejudice on the grounds that the dismissal deprived him of both his right to due process and his constitutional right to a jury trial. [Doc. 27 at 3].

The Court dismissed this action with prejudice on May 22, 2018. [Doc. 15: Order; Doc. 16: Judgment]. The Plaintiff subsequently moved to vacate the Judgment, which was denied. [See Doc. 23: Motion; Doc. 26: Order].

The Plaintiff filed a Notice of Appeal on August 14, 2019. [Doc. 28: Notice of Appeal]. That appeal remains pending.

Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x 243, 244 (4th Cir. 2007) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). As such, this Court lacks jurisdiction to entertain the Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's Motion for an Order Granting a Direct Constitutional Claim [Doc. 27] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 2, 2019

Martin Reidinger
United States District Judge